Herman L. Cochran, etc., Plaintiff and Appellee, v. Mercedes Fernández de Suárez, Defendant and Appellant.

No. 6420. Argued June 7, 1934.—Decided November 30, 1934.

 

*L. Llorens Torres* for appellant. *J. J. Fuertes* and *R. Castro Fernández* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Herman L. Cochran, as Trustee in Bankruptcy of Sucesores de L. Villamil & Co., *S. en C.*, and of its managing partners, José León Núñez and Celso Suárez, brought an action of debt against Mercedes Fernández widow of Suárez.

He set out two causes of action. The first he based on the averments that the defendant had been a silent partner of Sucesores de L. Villamil & Co., *S. en C.*, with the right to participate in the profits and losses, and that the partnership had remitted funds to her in anticipation of profits, such remittances constituting a current account which was liquidated between the parties on September 13, 1925, leaving a balance of $721.28 in favor of the firm.

From the date of said liquidation until April 23, 1932, the partnership "made remittances to the defendant"—who has her domicile in Madrid, Spain—"or paid obligations owing by the defendant in the amount of $74,132.65, such sum representing amounts forwarded monthly to the defendant in Spain by said partnership during the period stated on account of rent collected on properties owned by the defendant in Puerto Rico, funds sent to her in anticipation of the share of said defendant in the actual profits earned by the aforesaid partnership, and also expenses incurred by the partnership from September 13, 1925, to April 23, 1932, in the maintenance and preservation of the properties held by the defendant in Puerto Rico, which payments constituted debit entries on the current account between said partnership and the defendant on the books of said commercial firm."

During the same period, the partnership credited to the

defendant on the aforesaid current account the sum of $46,286.15, representing the profits actually accruing to the defendant from the partnership, together with rent and other income collected by the partnership from properties belonging to the defendant.

On April 23, 1932, the current account showed a balance in favor of the bankrupt firm amounting to $28,569.78, which balance forms part of the assets held by the trustee and is due and has not been paid either in whole or in part.

The second cause of action is based on the same facts set up in support of the first cause of action; and it is further alleged that on April 23, 1932, the defendant was owing to Sucesores de L. Villamil the sum of $28,569.78, according to a liquidation of the current account between both parties, rendered to and accepted by the defendant, who undertook to pay the balance which she owes and, which is now part of the assets passing to the trustee appointed by the Federal Court in the bankruptcy case of Sucesores de L. Villamil & Co., *S. en C.*, and the partners thereof, José León and Celso Suárez, and which balance has not been paid either in whole or in part.

On the same day on which the complaint was filed, a motion was presented to secure the effectiveness of any judgment that might be rendered in the cause, and the court then entered the following order:

"On reading the foregoing motion and the record of this case, the court orders the attachment of the real properties and rights listed and described in the motion for attachment under letters A, B, C, D, and E, belonging to the defendant Mercedes Fernández, widow of Suárez, in an amount sufficient to cover the sum of $28,569.78, principal, and lawful interest thereon from April 23, 1932, up to the date of full payment thereof, together with the costs and disbursements which the defendant may incur in this cause.

"In view of the heavy mortgages which encumber the properties belonging to the aforesaid defendant, the court further orders an

attachment of the rentals produced by said properties and which now belong and are payable to the defendant or her agents in Puerto Rico.

"IT IS FURTHER ORDERED that the defendant, Mercedes Fernández, widow of Suárez, and her agents or legal representatives refrain from selling, mortgaging, or alienating in any form the properties and real rights held by the defendant in the Island of Puerto Rico, and described in the motion for attachment.

"Inasmuch as the claim does not appear from an authentic document it is ORDERED by the court that the plaintiff furnish a bond in the sum of $5,000, to secure the defendant against any damages which may be caused to her by reason of the attachment levied upon her property.

"The clerk will issue the corresponding writ to the marshal of this court for the proper execution of this order."

The writ having been issued, it was duly returned by the marshal.

The defendant filed two motions: The first, to strike out certain parts of the complaint and to make other parts thereof more specific; and the second, to set aside the attachment. The court denied both motions, without prejudice to defendant's right to demand a bill of particulars.

The defendant then demurred to the complaint. The demurrer was overruled by the court on March 1st, 1933, with leave to answer within ten days.

At this stage of the proceedings, on March 14, 1933, the plaintiff filed a motion for the appointment of a receiver to administer the properties so attached, and the court granted the motion.

On March 28, 1933, defendant having failed to answer, plaintiff noted her default, which was entered on the same day by the clerk; and on the 25th of the following April plaintiff asked the clerk to enter judgment on the complaint as to the second cause of action. Judgment was accordingly entered on the 27th of the same month of April and notified to the defendant on May 4 following.

On June 2, 1933, the defendant took the present appeal from the orders of January 24, 1933, January 25, 1933, March 1, 1933, and from the judgment of April 27, 1933, and in her brief assigned five errors committed, as she claimed, by the court in denying her motion to strike out, in refusing to set aside the attachment, in overruling her demurrer, and in ordering the appointment of a receiver; and by the clerk in entering a final judgment in favor of the plaintiff.

In our opinion, the court did not commit the first error assigned. The matter sought to be stricken out was for the most part immaterial, and the action of the court in denying other portions of the motion which were perhaps proper, does not so nullify the proceedings so that the judgment appealed from must reversed on that ground alone.

As regards the motion to make the complaint more specific, we think that the provision made in favor of the right of the defendant to demand a bill of particulars was sufficient, in view of the surrounding circumstances and of the nature of the suit.

■ Nor was the third of the errors assigned committed. The complaint states facts sufficient to constitute a cause of action. Defendant's obligation to pay to plaintiff the amount claimed appears clearly from the facts as alleged, if they be taken as true, as they must be, for the purpose of the demurrer.

■ With respect to the misjoinder of causes of action charged, the defect is nonexistent. What the plaintiff did was to assert his claim in two distinct forms, to wit: in the form of a current account, which bound him to prove the same in its entirety in case of a denial; and in the form of the same current account, liquidated, rendered, and accepted, which bound him in such case to prove only the acceptance.

Appellee in his brief explains his position as follows:

"It was possible that for some reason we should be unable to prove the cause of action on a current account, liquidated, and ac-

cepted by the defendant, and we would then be precluded from bringing another action upon a current account. In these circumstances, we have been cautious and have followed the textwriters on the subject.''

■■ The second assignment of error covers two points. The first contention is that the attachment ordered to secure the effectiveness of the judgment is null and void because the court was without power to decide which properties the marshal should attach for that purpose, the proper procedure being, according to the appellant, the one provided by the former Spanish Law of Civil Procedure, which required the attachment of cash on hand, jewelry, personal property, and live stock (*semovientes*) before levying upon the immovables and real rights belonging to the debtor.

We think that this contention is not well founded. The special statute on the subject—Section 2, Subdivision (*b*)—provides merely that if the obligation claimed be one for the payment of any sum of money, the provisional remedy shall consist of the attachment of sufficient property of the debtor to cover the amount claimed. Further on, Section 9 prescribes how an attachment and a prohibition against alienation are to be made effective. Code of Civil Procedure, (1933 edition), pp. 97 and 99. This Court, in the case of *López* v. *Martínez Hnos. & Co. ,S. en C.*, 45 P.R.R. 516, affirming previous decision held that—

"Where an attachment has been decreed to secure the effectiveness of any judgment that might be rendered in the action, the order providing that notice of the attachment be levied by means of an entry in the registry of property emanates from the court and can be executed through a writ issued by the clerk directly either to the registrar or to the marshal, as in the ordinary cases, for the latter to act."

No execution of a judgment is involved, but only of a provisional remedy for security, and it seems only natural that the order to be followed should be different, and that the immovables be first levied upon. In this way plaintiff's

rights are secured with the least possible disturbance to the interests of the. defendant. If the attachment turns out to be burdensome to the debtor, the latter may obtain the dissolution thereof by paying, depositing, or furnishing security for the sums claimed. Section 15 of the Act.

■ As to the second point, which is really the one that has raised doubt in our minds, the appellant in her brief merely says:

"With respect to the attachment of future rents or interests, and of future rentals on leases, this defendant contended, that the said attachment is illegal and void because, according to the law in force in Puerto Rico, neither future rents nor future rentals on leases may be attached."

This is not the proper way to raise a question of such importance which, so far as we know, has not been finally determined either in this or in any other jurisdiction.

It is the appellee who in his brief discusses somewhat extensively the question raised. He invokes Subdivision (*h*) of the cited Section of the Act which provides that, "with respect to cases not provided for in the preceding rules, the court shall, in its discretion and in accordance with equity, adopt such measures as it may deem proper to secure the effectiveness of the judgment," and he says he conformed his motion to the ruling made by this Court in the case of *Manrique* v. *Aguayo*, 35 P.R.R. 393, and specified therein the circumstances which induced him to apply for an attachment of the rents as well as of the immovables, circumstances which in fact served as a basis for the order of the court directing said attachment, as appears from the order itself, as follows:

"In view of the heavy mortgages which encumber the properties belonging to the aforesaid defendant, the court further orders an attachment of the rentals produced by said properties and which now belong and are payable to the defendant or her agents in Puerto Rico."

Under the circumstances, we shall not interfere with the decision of the court, leaving the question open for determination in the future should it be properly raised.

■ The fourth error relates to the appointment of the receiver. Although assigned it is not discussed in appellant's brief.

■ There remains for examination only the fifth and last of the errors assigned. Appellant contends thereby that the clerk acted without jurisdiction in entering the judgment, since this case does not fall within the purview of Subdivision 1 of Section 194 of the Code of Civil Procedure.

The assignment sets up two grounds: First, that this is not an action arising upon a contract for the recovery of money or damages only, and second, that here the service of the summons was by publication.

The judgment by default was entered only upon the basis of the second cause of action, that is, the one founded upon a liquidated current account, rendered to and accepted by the defendant. That being so, this is clearly an action arising upon a contract for the recovery of money, and is therefore covered by Subdivision 1 of Section 194 of the Code of Civil Procedure. We are not concerned here with the case of an unliquidated account but, we repeat, with one liquidated and accepted. *Rivera* v. *District Court,* 44 P.R.R. 796.

■ It is true that the defendant was served with process by publication, and that Subdivision 3 of Section 194 of the Code of Civil Procedure prescribes that in such a case, if no answer has been filed, the judgment by default must be rendered by the court upon the taking of proofs; but it is also true that the defendant here appeared in the action and took the steps already mentioned, thereby submitting herself to the jurisdiction of the court to the same extent as though she had been personally served with summons

*Franceschi et al.* v. *Sepúlveda,* 27 P.R.R. 110; *Aparicio Brothers* v. *H. C. Christianson & Co.* 23 P.R.R. 457; *Hernáiz, Targa & Co.* v. *Vivas,* 20 P.R.R. 99.

Since neither this nor the other errors were committed, the appeal must be dismissed and the orders and judgment appealed from affirmed.